IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID FOSTER,

            Petitioner,

v.

STATE OF OREGON, FRANK
THOMPSON, Superintendent, Mill
Creek Correctional Facility,

            Respondent.

No. 03:06-CV-689-ST

ORDER

Amy M. Baggio
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

            Attorney for Petitioner

/ / /
/ / /

1 - ORDER

Andrew D. Hallman
Oregon Department of Justice
CCR Section
1162 Court Street, NE
Salem, OR 97301

     Attorney for Respondent

HERNANDEZ, District Judge:

     Magistrate Judge Stewart issued a Findings and Recommendation (#130) on March 20, 2012, in which she recommends that the Court deny the motion to amend the second amended petition for writ of habeas corpus and dismiss the petition (#69). Petitioner timely filed objections to the Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

     When any party objects to any portion of the Magistrate Judge's Findings and Recommendation ("F&R"), the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

     Petitioner objects to the Findings and Recommendation because the Magistrate Judge made fact finding and legal errors and intervening law undermines the Magistrate Judge's conclusions. I have carefully considered Plaintiff's objections and conclude that the objections do not provide a basis to modify the recommendation that the complaint be dismissed with prejudice. I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

     There are several objections regarding the Magistrate Judge's fact finding. First, Petitioner points out that the Magistrate Judge incorrectly states that he was convicted of criminal mischief and that the child, "BF", had died. While these are factual errors, they do not

2 - ORDER

substantively affect the Magistrate Judge's analysis in the F&R. Second, Petitioner objects to the Magistrate Judge's characterization[1] of his experts' opinions, arguing that it was an "understatement". That statement was meant to be a summary of the opinions, not a detailed description, as evidenced by the Magistrate Judge's use of the word "generally". F&R, 18. Third, Petitioner objects to the Magistrate Judge's "implied suggestion that his experts lack credibility" because they were hired for the purpose of this case. Objections F&R, 5. I disagree with this implication. Based on the totality of the evidence, the Magistrate Judge found that "a rational factfinder could find the State's experts more persuasive". F&R, 21. No credibility determinations were made. Fourth, Petitioner objects to the Magistrate Judge's statement that "[t]he record contains no medical evidence that BF was anything other than a healthy, normally-functioning infant until December 21, 1999[.]" Objections F&R, 5. While the new evidence from Petitioner shows that BF had anemia, a cough, and abnormal head growth in the weeks leading up December 21st, I agree with the Magistrate Judge's conclusion that more likely than not, no reasonable juror would not have found Petitioner guilty.

Petitioner next raises several objections to the Magistrate Judge's legal analysis. First, with respect to the motion for leave to amend, Petitioner objects to the denial because he has new evidence of actual innocence. Petitioner admits that the proposed claim of ineffective assistance of counsel regarding the medical evidence was already raised in state court. I agree with the Magistrate Judge that review is limited to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). New evidence of actual innocence may act as a

---

[1] The statement to which Petitioner objects is as follows: "Petitioner's experts generally assert that while BF's injuries could have been caused by abuse, they likely arose from pre-existing medical conditions that were present at birth and grew worse over the first six weeks of her life." F&R, 18.

"gateway to defaulted claims", House v. Bell, 547 U.S. 518, 537 (2006), but that is not the case here—where Petitioner's proposed claim was not defaulted.

Second, Petitioner objects to the Magistrate Judge's conclusion that he did not meet the standard to establish actual innocence to excuse procedural default of Grounds 1(b) and 1(c). I agree with the Magistrate Judge that Petitioner has not met the standard of actual innocence by showing "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995).

Petitioner's final objection is based on Martinez v. Ryan, 132 S. Ct. 1309 (2012), which issued after the Magistrate Judge had issued the F&R. Petitioner argues that Martinez permits procedurally defaulted claims to be heard on the merits. Martinez addressed the issue of "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." Martinez, 132 S. Ct. at 1313. An "initial-review collateral proceeding" is a collateral proceeding in which a prisoner has the "first occasion to raise a claim of ineffective assistance at trial." Id. at 1315. The Court held that

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320. The prisoner must show that the "ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. at 1318.

Petitioner argues that Martinez undermines the Magistrate Judge's conclusions regarding Grounds 1(a), 1(b), and 1(c). All of these grounds allege ineffective assistance of counsel based

on (a) the failure to produce a defense expert, (b) failing to object to the prosecutor's statement in closing argument that the defense expert believed the state's experts, and (c) opening the door to testimony about the termination of parental rights proceeding. Ground 1(a) was not procedurally defaulted, and thus <u>Martinez</u> is inapplicable. Furthermore, <u>Martinez</u> does not provide any authority for Petitioner to expand the record. As for Grounds 1(b) and 1(c), I do not find that either claim is substantial under the standard for ineffective assistance of counsel.[2]

## CONCLUSION

The Court adopts Magistrate Judge Stewart's Findings and Recommendation (#130). Therefore, the motion to amend is denied and the second amended petition for writ of habeas corpus is dismissed.

IT IS SO ORDERED.

DATED this 29 day of August, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge

---

[2] "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient….Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

5 - ORDER